**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Christopher and Suzanne Salvino | ) | Case No. 05-61546 |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: May 27, 2009 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF LEVENFELD PEARLSTEIN'S
FIRST AND FINAL FEE APPLICATION AND HEARING THEREON**

**TO: Parties on the Attached Service List**

PLEASE TAKE NOTICE that on **April 30, 2009** Levenfeld Pearlstein, LLC ("**LP**") filed its First and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "**Application**") with the United States Bankruptcy Court for the Northern District of Illinois.

Through the Application, LP seeks (a) allowance and approval of $6,150.00 in compensation for legal services rendered by LP to Gregg A. Szilagyi, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 Trustee ("Trustee") from April 1, 2006 through February 25, 2009, and $216.79 as reimbursement for costs incurred from April 1, 2006 through February 25, 2009, and (b) the Court's authorization and direction to Trustee to pay LP compensation and reimbursement of expenses in the aggregate amount of $6,366.79.

Copies of the Application are being served contemporaneously with this Notice upon the following: (a) the Office of the United States Trustee, (b) the Chapter 7 Trustee, (c) counsel to the Debtor; and (d) all registrants in the case under the CM/ECF system. Any other party, including those parties on the attached service list, may obtain a copy of the Application by contacting Jonathan P. Friedland at 312/476-7528 or jfriedland@lplegal.com.

LP 1709224.2 \ 35554-65491

Objections, if any, to the relief requested in the Application, must be filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Room 710, Chicago, Illinois 60604, and served upon LP and the Trustee no later than **May 20, 2009**.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Application will take place before the Honorable Eugene R. Wedoff of the United States Bankruptcy court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at the Dirksen Federal Building, Courtroom 744, 219 South Dearborn Street, Chicago, Illinois 60604 on **May 27, 2009, at 9:30 a.m.**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

**Dated: April 30, 2009**

                        **LEVENFELD PEARLSTEIN, LLC**

                        By: */s/ Jonathan P. Friedland*

Jonathan Friedland (ARDC #6257902)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
Tel: (312) 346-8380
Fax: (312) 346-8434
jfriedland@lplegal.com

*Counsel to Chapter 7*
*Trustee Gregg A. Szilagyi*

## CERTIFICATE OF SERVICE

I, Jonathan P. Friedland, an attorney, hereby certify under penalty of perjury that on the 30th, day of April, 2009, I caused:

1. Copies of the **Notice of Levenfeld Pearlstein, LLC's First Interim Application and Hearing** and **Levenfeld Pearlstein, LLC's First Interim Application for Allowance of Compensation and Reimbursement of Expenses** to be served via electronic filing upon all parties registered in the CM/ECF system and upon parties listed on the attached Special Service List by U.S. Mail.

2. Copies of the **Notice of Levenfeld Pearlstein, LLC's First Interim Application and Hearing** to be served via U.S. Mail upon all parties listed on the attached Standard Service List.

*/s/ Jonathan P. Friedland*

LP 1709224.2 \ 35554-65491

## SPECIAL SERVICE LIST
CHRISTOPHER & SUZANNE SALVINO, DEBTORS
CASE NO. 05-61546

| | | |
|---|---|---|
| TAILWIND SERVICES LLC<br>Gregg Szilagyi, Trustee<br>One South Wacker Drive<br>Suite 800<br>Chicago, IL 60606 | | CAROLINA Y SALES<br>Bauch & Michaels, LLC<br>53 W. Jackson, Ste. 1115<br>Chicago, IL 60604 |
| KENNETH A. MICHAELS, JR.<br>Bauch & Michaels, LLC<br>53 W. Jackson, Ste. 1115<br>Chicago, IL 60604 | | DONNA B. WALLACE<br>Joseph A. Baldi & Associates, P.C.<br>19 South LaSalle Street<br>Suite 1500<br>Chicago, IL 60603 |
| *U.S. TRUSTEE*<br>WILLIAM T. NEARY<br>Office of the U.S. Trustee, Region 11<br>219 South Dearborn Street<br>Room 873<br>Chicago, IL 60604 | | RICHARD S. LAUTER<br>Freeborn & Peters, LLP<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606 |

LP 1709224.2 \ 35554-65491

## STANDARD SERVICE LIST
CHRISTOPHER & SUZANNE SALVINO, DEBTORS
CASE NO. 05-61546

| | |
|---|---|
| AIR ANGELS, INC.<br>Rich Blessen<br>Gardner Carton & Douglas, LLP<br>191 N. Wacker Drive – Suite 3700<br>Chicago, IL 60606 | 401 EAST ONTARIO CONDOMINIUM ASSOC.<br>Arnstein & Lehr, LLP<br>120 S. Riverside Plaza<br>#1200<br>Chicago, IL 60606 |
| DEPARTMENT OF THE TREASURY<br>Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114 | AMERICAN CHARTERED BANK<br>c/o Kevin J. Joyce<br>Meltzer Purtill & Stelle LLC<br>1515 E. Woodfield Road<br>2nd FL<br>Schaumburg, IL 60173 |
| REGINALD BOOKER<br>10153 S. Prospect Street<br>2nd Floor<br>Chicago, IL 60643 | COOK COUNTY TREASURER'S OFFICE<br>Legal Department<br>118 N. Clark Street<br>Room 222<br>Chicago, IL 60602 |
| CAROLINE SALES<br>KENNETH A. MICHAELS, JR.<br>Bauch & Michaels, LLC<br>53 W. Jackson, Ste. 1115<br>Chicago, IL 60604 | Thomas J. Augspurger<br>McDermott Will & Emery LLP<br>227 West Monroe Street<br>Chicago, IL 60606 |
| David W. Baddley<br>Greenberg Traurig LLP<br>77 West Wacker Drive<br>Suite 2500<br>Chicago, IL 60601 | Kurt M. Carlson<br>Much Shelist<br>191 North Wacker Drive<br>Suite 1800<br>Chicago, IL 60606 |
| A. Stewart Chapman<br>Pierce & Associates<br>1 North Dearborn<br>Suite 1300<br>Chicago, IL 60602 | Chris A. Cieniawa<br>Fisher and Shapiro LLC<br>4201 Lake Cook Road<br>Northbrook, IL 60062 |
| Samuel G. Harrod<br>Meltzer Purtill & Stelle<br>1515 East Woodfield Road, 2nd Floor<br>Schaumburg, IL 60173 | Miles W. Hughes<br>McDermott Will & Emery LLP<br>227 West Monroe Street<br>Suite 4400<br>Chicago, IL 60606 |

| Berton J. Maley<br>15W030 North Frontage Road<br>Suite 100<br>Burr Ridge, IL  60527 | Ann E. Pille<br>Reed Smith<br>10 South Wacker Drive, Suite 4000<br>Chicago, IL  60606 |
|---|---|

LP 1709224.2 \ 35554-65491

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Christopher and Suzanne Salvino, | ) | Case No. 05-61546 |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: May 27, 2009 |
| | ) | Hearing Time: 9:30 a.m. |

**FIRST AND FINAL APPLICATION OF LEVENFELD PEARLSTEIN, LLC,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO CHAPTER 7 TRUSTEE, GREGG SZILAGYI**

Pursuant to 11 U.S.C. §§ 330, 331, and 503, Levenfeld Pearlstein, LLC, ("**LP**"), respectfully requests that this Court enter an order authorizing and directing the Trustee to make payment to LP of $6,150.00 in compensation for legal services rendered to the Trustee, and $211.79 in reimbursement of expenses (the "**Application**"), for the period of April 1, 2006 through February 25, 2009 (the "**Application Period**"). In support of this Application, LP respectfully states as follow:

## JURIDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of the case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2) (A), (B), (M), and/or (O).

LP 1708863.2 \ 35554-65491

4. The predicates for the relief requested herein are 11 U.S.C§§ 330, 331, and 503, as supported by Federal Rule of Bankruptcy Procedure 2016(a), and Local Bankruptcy Rule 5082-1.

## PROCEDURAL BACKGROUND

5. On October 16, 2005 (the "**Petition Date**"), Christopher Salvino and Suzanne Salvino ("the **Debtors**") filed a voluntary petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. §101 *et seq.*).

6. Gregg Szilagyi is the appointed Chapter 7 Trustee of the Debtors' bankruptcy estate (the "**Estate**"), and is duly-qualified and acting as such.

7. On May 1, 2006, the Trustee filed an application to employ Richard S. Lauter and other partners, associates and paralegals of LP, to perform legal services in this case.

8. On May 18, 2006, this Court entered an Order Authorizing Chapter 7 Trustee's Employment of Legal Counsel. A copy of the Order is attached hereto as <u>Exhibit A</u>.

9. In April, 2008, Richard S. Lauter joined the firm of Freeborn and Peters, LLP.

## SUMMARY OF THE SERVICES RENDERED BY LP TO THE TRUSTEE

10. The total fees requested by LP for legal services rendered to the Trustee during the Application Period aggregate $6,150.00. A breakdown of this amount by each LP professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributed to such legal services is as follows:

| PROFESSIONAL | TITLE | 2006 HOURLY RATE | 2007 HOURLY RATE | 2008 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|---|
| Gregg A. Szilagyi | Partner | $350.00 | N/A | N/A | 14.30 | 5,005.00 |
| Yolanda Powell | Paralegal | n/a | $160.00 | N/A | 0.90 | 144.00 |
| Barbara A. Langlois | Paralegal | $150.00 | N/A | N/A | 1.30 | 195.00 |
| April Bernath | Paralegal | $160.00 | N/A | $180.00 | 4.60 | 806.00 |

2

| TOTAL | | | | | 21.10 | $6,150.00 |
|---|---|---|---|---|---|---|

11. The hourly rates in this case were identical to, or less than, those charged by LP for similar or identical services provided by them in other bankruptcy or non-bankruptcy matters and cases during the Application Period.

12. During the Application Period, LP made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified attorneys and paraprofessionals charging the lowest hourly rates, consistent with the level of service, experience, and efficiency required of a given task.

13. All of the fees and expenses for which LP requests interim allowance and payment of compensation and reimbursement relate to the Application Period, and were rendered in connection with the case, at the Trustee's request, and in the discharge of LP's professional responsibilities as counsel to the Trustee. LP respectfully submits that the legal services that it provided to the Trustee during the Application Period were, in all respects, reasonable, necessary, and beneficial to the Estate.

### Time and Expense Records

14. LP maintains written records of the time expended by its professionals. These time records are maintained contemporaneously with the rendering of legal services by each LP professional.

15. Detailed statements of LP's legal services for which compensation is now sought are attached to this Application, in the form of LP's detailed time records, as **Exhibits B through D** (collectively, the "**Time Statements**"). The Time Statements set forth in detail the legal services that LP rendered on behalf of the Trustee, the dates upon which such legal services

were rendered, the nature of the legal services, and the time spent on, and the identity of each LP professional who performed, such services.

16.    LP also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the legal services that it renders. Such records for this case, which are attached hereto as <u>Exhibit E</u>, contain a complete schedule of the expenses and amounts for which reimbursement is sought in relation to the legal services that LP provided to the Trustee during the Application Period.

## BREAKDOWN BY CATEGORY OF SERVICES RENDERED

### Case Administration

17.    During the Application Period, LP expended 2.20 hours with a value of $694.00 on matters of case administration. <u>Exhibit B</u> contains a detailed description of the time entries attributable to this category of legal services.

18.    Legal services that LP provided to the Trustee in this category and that benefited the Estate, and/or that were necessary to the administration of the case, included communications regarding (i) finding of abandonment related to certain real property; (ii) research of creditors claim and preparation of motion to pay administrative claim; as well as (iii) research of issues and preparation of objection to GE Capital's Motion to Modify the Stay.

### Fee/Employment Application

19.    During the Application Period, LP expended 7.30 hours with a value of $1,605.00 on matters of fee and employment applications. <u>Exhibit C</u> contains a detailed description of the time entries attributable to this category of legal services.

20.    Legal services that LP provided to the Trustee in this category and that benefited the Estate, and/or that were necessary to the administration of the case, included the Trustee's

employment of LP and employment of accountants. Also during the Application Period, LP drafted its first interim fee application.

**Asset Analysis and Disposition**

21.  During the Application Period, LP expended 11.60 hours with a value of $3,851.00. Exhibit D contains a detailed description of the time entries attributable to this category of legal services.

22.  Legal services that LP provided to the Trustee in this category and that benefited the Estate and/or that were necessary to the administration of the case, included assisting the Trustee in researching any and all assets of the Estate as well as preparation of Motion to Sell Personal Property. In addition, LP assisted in the sale of Air Angels Stock including (i) telephone conversations with several potential purchasers; (ii) preparation of Motion for Approval of Sale of Stock; and (iii) preparation of the Stock Purchase Agreement of Air Angels Stock.

## EXPENSES

23.  LP advanced $211.79 in expenses on behalf of the Trustee in connection with the legal services that it rendered to him during the Application Period.

24.  LP charges its clients $.25 per page for copies and $1.00 per page for outgoing facsimile transmissions, including long distance toll charges. In this case, however, LP is charging only $.10 per page for copies and $0.00 for faxes in accordance with this Court's standing Order on costs and charges in bankruptcy cases. Itemized and detailed descriptions of the specific disbursements actually and necessarily incurred by LP for the Application Period are reflected on the billing statement attached hereto as Exhibit E.

| CATEGORY | EXPENSE INCURRED |
|---|---|
| Photocopying | $78.10 |
| Messenger Delivery | $20.00 |
| Long Distance Telephone Charges | $2.20 |
| Westlaw Online Database | $73.49 |
| Corporate Services Fee-CSC | $28.00 |
| Pacer | $15.00 |
| **TOTAL** | **$216.79** |

## RELIEF REQUESTED

25.  LP respectfully requests that the Court: (A) allow and award it $6,150.00 in compensation for legal services rendered to the Trustee and $216.79 in reimbursement of expenses incurred in connection therewith (collectively, the "**Compensation and Reimbursement**"); and (B) authorize and direct the Trustee to make payment of the Compensation and Reimbursement to LP from the Estate.

## BASIS FOR RELIEF REQUESTED

### Compensation Standards

26.  Under Section 330(a)(1)(A) of the Bankruptcy Code, the Court may award a professional person employed under Section 327, such as LP, "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A).

27.  As this Court has observed, in determining the reasonableness of both hourly rates and the hours expended in providing legal services, the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate—...

6

seems to be the appropriate method in determining the extent and value of compensation." In re Wildman, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.).

28.　With respect to determining a reasonable hourly rate, "Congress rejected the 'spirit of economy' notion in favor of a market approach to determining fees" in enacting Section 330(a)(1), and thereby "expressed its intent that compensation in bankruptcy matters be commensurate with the fees awarded for comparable services in non-bankruptcy cases." In re Farley, Inc., 156 B.R. 203, 210 (Bankr. N.D. Ill. 1993) (Schmetterer, J.) (quoting In re UNR Indus., Inc., 986 F.2d 207, 208-09 (7th Cir. 1993)); see In re McNichols, 258 B.R. 892, 905 (Bankr. N.D. Ill. 2001) (Squires, J.).

29.　In this connection, and as the Seventh Circuit held in Gusman v. Unisys Corp., 986 F.2d 1146 (7th Cir. 1993):

> The best measure of an attorney's time is what that attorney could earn from paying clients. For a busy attorney, this is the standard hourly rate. If he were not [working for] this [client], the lawyer could sell the same time to someone else. That other person's willingness to pay establishes the market's valuation of the attorney's services.

Id. at 1150; see In re Palladino, 267 B.R. 825, 831 (Bankr. N.D. Ill. 2001) (Squires, J.); see also Pressley v. Haeger, 977 F.2d 295, 299 (7th Cir. 1992) ("It is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order.") (internal quotation marks and citation omitted).

30.　Here, where LP bills the vast majority of its time at a set rate for paying clients and spends only a very small percentage of time on cases covered by fee-shifting statutes, "there is a strong presumption that such counsel could have billed out remaining time at the rate normally charged." In re Farley, Inc., 156 B.R. at 211.

7

31. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit a debtor's bankruptcy estate, they should be compensable. See In re Pro-Snax Distributors, Inc., 157 F.3d 414, 421 (5th Cir. 1998); In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶330.04 at 330-43 (15th ed. rev. 1999); cf. 11 U.S.C. § 330(a)(4)(A)(ii)(I). The determination of benefit to the estate is not constrained to a dollar-for-dollar measurement, such that each dollar's worth of legal services must bring a cash dollar into the estate in order to justify equivalent compensation to counsel. See In re Lifschultz Fast Freight, Inc., 140 B.R. 482, 488 (Bankr. N.D. Ill. 1992) (Barliant, J.). Instead, other factors, such as "whether the services rendered promoted the bankruptcy process or administration of the estate in accordance with the practice and procedures provided under the Bankruptcy Code and Rules for the orderly and prompt disposition of bankruptcy cases and related adversary proceedings," also support awards of compensation. In re Spanjer Bros., Inc., 191 B.R. 738, 748 (Bankr. N.D. Ill. 1996) (Squires, J.).

32. As previously stated, the fees for which LP requests allowance and payment of compensation relate to the Application Period, and were rendered in connection with the case and in the discharge of LP's professional responsibilities as counsel to the Trustee during that time. LP respectfully submits that the legal services that it rendered during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate. In this connection, the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the matters which they concerned. Further, they promoted the bankruptcy process and the administration of the Estate, in accordance with the Bankruptcy Code and Rules.

33. In rendering legal services to the Trustee, and in making this Application, LP respectfully submits that it has exercised its good faith billing judgment, and has not sought compensation for "excessive, redundant, or otherwise unnecessary" time. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

### Reimbursement Standards

34. The Court may award a professional person employed under Section 327 of the Bankruptcy Code its "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client" In re Spanjer Bros., Inc., 191 B.R. at 749; see In re Wildman, 72 B.R. at 731.

35. LP has requested reimbursement only for actual and necessary expenses incurred on the Estate's behalf. LP respectfully submits that these expenses were incurred because they were required to accomplish the proper representation of the Trustee and the Estate in the case.

### NOTICE

36. The Trustee has provided notice of this motion with a copy of the Application to the Office of the United States Trustee, the Chapter 7 Trustee, and counsel to the Debtors, Christopher and Suzanne Salvino, and all registrants in this case under the CM/ECF System. All other creditors, persons having requested service in this case, and all other parties-in-interest have been provided a notice of this Motion without a copy of the Application. Copies of the Application are available to such parties upon request.

### NO PRIOR REQUEST

37. No prior request for the relief requested by this Application has been made to this Court or to any other court.

9

## CONCLUSION

WHEREFORE Levenfeld Pearlstein, LLC respectfully requests that the Court enter an Order:

A. Allowing and awarding LP on an interim basis the Compensation and Reimbursement;

B. Authorizing and directing the Trustee to make payment of the Compensation and Reimbursement to LP from the Estate;

C. Finding notice of the Application as given sufficient and excusing all further notice for good cause shown; and

D. Granting such other and further relief as this Court may deem just and appropriate.

Dated: April 30, 2009

**LEVENFELD PEARLSTEIN, LLC**

By: /s/ *Jonathan P. Friedland*

Jonathan Friedland (ARDC #6257902)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
Tel: (312) 346-8380
Fax: (312) 346-8434
jfriedland@lplegal.com

*Counsel to Chapter 7
Trustee Gregg A. Szilagyi*

10